1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9   MARIA VALENTINA PAVINO,                    No. C10-1943 RSL

10                 Plaintiff,

11            v.                               ORDER GRANTING IN PART AND
                                               DENYING IN PART DEFENDANT'S
12   BANK OF AMERICA, N.A., AS                 MOTION TO DISMISS
     SUCCESSOR BY MERGER TO LASALLE
13   BANK, N.A. AS TRUSTEE FOR GSAMP
     TRUST 2006-HE4,
14
                   Defendant.
15

16   I.     INTRODUCTION

17          This matter comes before the Court on defendant Bank of America's motion to dismiss.[1]

18   Dkt. #4.  In her complaint, pro se plaintiff seems to allege claims for violation of the Deed of

19   Trust Act ("DTA"), violation of the Truth in Lending Act ("TILA"), violation of the Real

20   Estate Settlement Practices Act ("RESPA"), and fraud.  Plaintiff also challenges the

21   constitutionality of the DTA.  Having reviewed the memoranda, complaint, exhibits and the

22   record herein, the Court GRANTS in part and DENIES in part defendant's motion to dismiss.

23   _____

24          [1]The Court re-noted this matter to March 18, 2011 to allow Washington's Attorney General
25   time to respond to plaintiff's constitutional challenge.  Dkt. #20.  On February 18, 2011, the Attorney
     General notified the Court that he does not intend to intervene in this matter.
26
     ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANT'S MOTION TO DISMISS - 1

## II.  BACKGROUND

On March 31, 2006, plaintiff purchased a home at 2801 South Hanford Street, Seattle, WA 98144.  Compl. ¶17.  On April 6, 2006, plaintiff purportedly signed an Adjustable Rate Note, promising to pay $440,000 plus interest to the lender, MILA, Inc.[2]  Dkt. #4, Ex. 1.  In connection with the loan, plaintiff executed a deed of trust for MILA, Inc., which was recorded on April 11, 2006.  Id., Ex. 2.  A deed of trust is, in essence, a three-party mortgage through which the borrower gives a third party a lien on the real property to hold in trust as security until the obligation to the lender is discharged.  Wn. House of Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008).  The third party is called the trustee, and the lender is generally identified as the beneficiary of the trust.  Through this arrangement, title to the real property passes to the borrower, but the lender is protected under the trust agreement.  If the borrower defaults on his loan, the beneficiary need not file a civil suit to foreclose on the mortgage.  Pursuant to the DTA, the beneficiary may direct the trustee to initiate non-judicial foreclosure proceedings.   The beneficiary may also replace the trustee with a successor trustee to handle the foreclosure.  RCW 61.24.010(2).  As long as the trustee complies with the DTA's requirements, the lender can foreclose on the property inexpensively and efficiently.  If the borrower objects, the burden is on him to seek judicial protection from wrongful foreclosure.  The deed of trust identifies four parties: the borrower (plaintiff), the lender (MILA, Inc.), the trustee (First American Title), and the lender's nominee to act as the beneficiary (MERS).

Plaintiff alleges that someone other than the real party in interest initiated the non-judicial foreclosure "without the real party in interest's knowledge, falsely claiming the Subject Property and falsely claiming to be the owner/holder of the alleged mortgage obligation; and, falsely claiming 'standing' by use of such titles as Trustee, Assignee, Nominee, Beneficiary,

---

[2]Plaintiff seemingly disputes the authenticity of the Note and Notice of Default, which are attached as exhibits 1 and 3, respectively, to defendant's motion.  Dkt. #8 at 7, 14-15.  Plaintiff has not disputed the authenticity of the Assignment of the Deed of Trust (exhibit 4) and the Appointment of Successor Trustee (exhibit 5).  Dkt. #4, Exs. 4, 5.  The Appointment of Successor Trustee was recorded on March 26, 2009, but purportedly executed on March 19, 2011.  To the extent defendant brings dispositive motions in the future, the Court expects defendant to address this discrepancy.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 2

etc." Compl. ¶18.  Plaintiff also alleges that the party initiating foreclosure falsely reported a default when it was the servicer that created the default and refused payment in order to create a default.  Id.

On August 31, 2010, Northwest Trustee Service recorded a Notice of Trustee's Sale concerning the property, and set a sale date of December 3, 2010.  Dkt. #4, Ex. 8.  The property purportedly was sold at auction to defendant.

### III.    ANALYSIS

####    A.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal is inappropriate unless it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim entitling him to relief.  Livid Holdings, 416 F.3d at 946.  This Court holds the pleadings of pro se complainants to less stringent standards than those of licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, every complainant must demonstrate some claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, the Court may consider material properly submitted as part of the complaint, may consider

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 3

documents whose contents are alleged in the complaint and whose authenticity is not questioned, and may take judicial notice of matters of public record without converting the motion to dismiss to a motion for summary judgment.  Id.

### B.      Constitutionality of DTA

Defendant argues that plaintiff's constitutional challenge to the DTA lacks merit because plaintiff fails to advance any justifiable theory to support her notion that the foreclosure at issue is invalid because the DTA is unconstitutional.  Dkt. #4 at 6.  In her complaint, plaintiff alleges that she was deprived "due process of law and equal protection under the law."  Compl. ¶127; see also id. ¶¶21-23, 28, 32.

"An act of the legislature is presumed to be constitutional and valid and ought not be declared invalid unless it appears to be so beyond a reasonable doubt."  Kennebec, Inc. v. Bank of the W., 88 Wn. 2d 718, 720-21 (1977).  The legislature enacted the DTA to further three objectives:  (1) to make the nonjudicial foreclosure process efficient and inexpensive, (2) to provide interested parties with an adequate opportunity to prevent wrongful foreclosure, and (3) to promote stability of land titles.  Udall v. T.D. Escrow Servs., Inc., 159 Wn. 2d 903, 916 n.9 (2007).

The issue presented in Kennebec was whether RCW 61.24 is unconstitutional because it fails to comply with procedural due process notice requirements.  Focusing on the absence of state action, the court reasoned:

> No state official, using that term in its broadest sense, has been involved in this matter other than in the most ministerial manner prior to the challenge of the act's constitutionality.  The act did not compel any of the parties to contract in the manner in which they did.  Other financial and security arrangements might have been selected.

> RCW 61.24 is entirely noncoercive.  The state takes only a neutral position.  It neither commands nor forbids nonjudicial foreclosure.  If the parties elect to contract and use the deed of trust device, the statute regulates its manner of operation almost solely for the

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 4

protection of the debtor.  But the state does not involve itself in the transaction in any significant manner; its involvement at most is *passive*.  The creditor may, if he chooses, elect to involve the state by utilizing judicial foreclosure and thereby preserving any deficiency that may exist.  However, if he opts to foreclose nonjudicially, he does not involve the state, but by so doing he is restricted to the value of the security.

Kennebec, 88 Wn. 2d at 725 (emphasis in original).  The court held that RCW 61.24 "is passive state involvement and does not constitute significant 'state action', and therefore, it is neither violative of the due process clause of the Fourteenth Amendment nor of article I, section 3 of the Washington State Constitution."  Id. at 726.  Here, Kennebec controls.  The DTA involves no state action and therefore, is not violative of the Fourteenth Amendment.  Plaintiff fails to allege any other facts to support her theory that the foreclosure at issue is invalid because the DTA is unconstitutional.

Accordingly, the Court dismisses plaintiff's constitutional challenge with prejudice.

**C.     Violation of the DTA**

Defendant argues that plaintiff's failure to restrain the trustee's sale precludes her action to quiet title.  Dkt. #4 at 6.  The Court agrees.  Objections to the trustee's sale are waived where pre-sale remedies are not pursued.  Plein v. Lackey, 149 Wn. 2d 214, 229 (2003).  However, failure to enjoin a foreclosure sale will not waive a claim for damages asserting common law fraud or misrepresentation, violation of Title 19 of the RCW, or failure of the trustee to materially comply with the provisions of the DTA.  RCW 61.24.127(1).

Plaintiff has alleged that "someone other than the real party in interest with access to confidential records, instigated the non-judicial foreclosure without the real party in interest's knowledge, falsely claiming the Subject Property and falsely claiming to be the owner/holder of the alleged mortgage obligation; and, falsely claiming 'standing' by use of such titles as Trustee, Assignee, Nominee, Beneficiary, etc."  Compl. ¶18.  Plaintiff denies that a default

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 5

1   occurred.[3]  Id. ¶46.  Plaintiff also alleges that MERS was not a proper beneficiary (Compl.

2   ¶79), and that subsequent assignments of the deed of trust conveyed no beneficial interest or

3   rights to successors (Compl. ¶86-87).

4          Pursuant to the DTA, the trustee must have proof that the beneficiary is the owner of the

5   note or obligation secured by the deed of trust prior to the trustee sale.[4]  RCW 61.24.030(7)(a).

6   The only named defendant here is Bank of America.  Plaintiff "denies that it is an established

7   fact that [the] Beneficiary Declaration executed by Diane Dixon proves that the Defendant is

8   the true Note Holder."  Dkt. #8 at 9.  The beneficiary declaration states that defendant "is the

9   actual holder of the promissory note or other obligation evidencing the above-referenced loan

10  or has requisite authority under RCW 62A.3-301 to enforce said obligation."  Dkt. #4, Ex. 7

11  (emphasis added); cf. RCW 61.24.005(2) ("'Beneficiary' means the holder of the instrument or

12  document evidencing the obligations secured by the deed of trust excluding persons holding the

13  same as security for a different obligation.").  The Court is unaware of any legal authority

14  holding that a "person entitled to enforce" an instrument within the meaning of RCW 62A.3-

15  301[5] qualifies as a "beneficiary" within the meaning of RCW 61.24.005(2).

16  ─────────────

17  [3]Defendant has attached a Notice of Default to its motion, purporting to provide an itemized
account of the arrears.  Dkt. #4, Ex. 3.  The Court may consider evidence on which the complaint
18  necessarily relies if the complaint refers to the document, the document is central to plaintiff's claims,
and no party questions the authenticity of the copy attached to the motion to dismiss.  Marder v.
19  Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  However, since plaintiff seemingly disputes the authenticity
of the Notice of Default (dkt. #8 at 7), the Court will not consider it.

20  [4]The Court notes that the question of whether MERS is an authorized "beneficiary" within the
21  meaning of RCW 61.24.005(2) if it never "held" the promissory note secured by the deed of trust has
been certified to the Washington Supreme Court in the matter of Vinluan v. Fidelity Nat'l Title, King
22  County Superior Court, Cause No. 10-2-27688-2 SEA.

23  [5]RCW §62A.3-301 provides: "'Person entitled to enforce' an instrument means (i) the holder of
24  the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a
person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW
25  62A.3-309 or 62A.3-418(d).  A person may be a person entitled to enforce the instrument even though
the person is not the owner of the instrument or is in wrongful possession of the instrument."

26  ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 6

Here, defendant purportedly acquired its beneficial interest in the deed of trust from MERS.  Dkt. #4, Ex. 4.  Liberally construing plaintiff's complaint, she has alleged that defendant falsely claimed to be the holder/owner of the note.  Compl. ¶18.

Accordingly, the Court finds that plaintiff has stated a claim for violation of the DTA against defendant.[6]

### D.      Violation of the TILA

Defendant argues that plaintiff's TILA claim is time-barred and without merit.[7]  Dkt. #4 at 12.  Plaintiff's TILA claim appears to be based on "a fraudulent and predatory loan to Plaintiff."  Compl. ¶137.  Plaintiff purports to list other alleged violations of the TILA in her complaint.  Id. ¶114.  However, plaintiff fails to state any facts regarding defendant's conduct in any alleged violation.[8]

Accordingly, the Court dismissed plaintiff's TILA claim without prejudice.

### E.      Violation of the RESPA

Defendant argues that plaintiff's RESPA claim is time-barred and without merit.  Dkt. #4 at 13.

The RESPA provides a private right of action where there are charges for unearned fees. 12 U.S.C. §2607.  Section 2607(b) prohibits the practice of giving or accepting money where no service was performed in exchange for money.  Martinez v. Wells Fargo Home Mortgage, Inc., 598 F.3d 549, 553 (9th Cir. 2010).  This section "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed."  Id. at 553-54.  The RESPA also provides a private cause of action where a loan servicer fails to give

---

[6]The Court notes that plaintiff's only remedy for a claim for violation of the DTA is damages.

[7]Defendant argues that plaintiff's TILA and RESPA claims are prohibited by RCW 61.24.127, but provides no authority for such a novel proposition.

[8]The Court notes that the "Securitization Audit," attached as Exhibit C, and the "Forensic Audit," attached as Exhibit D, to plaintiff's complaint may not be considered by the Court as evidence. Plaintiff must state facts sufficient to state a claim for relief in her complaint, rather than rely on legal conclusions from a report.

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 7

proper notice of transfer.  12 U.S.C. §2605.  A servicer must provide certain information upon a qualified written request "for information relating to the servicing of such a loan."  Id. §2605(e)(1)(A).

Plaintiff alleges that defendant failed to answer a qualified written request.  Compl. ¶125.  However, plaintiff does not allege that defendant was a servicer as defined in RESPA. Plaintiff also purports to list various RESPA violations, but fails to state any facts regarding defendant's conduct in any violation.

Accordingly, the Court dismisses plaintiff's RESPA claim without prejudice.

**F.     Fraud**

Plaintiff alleges that defendant committed fraud in various ways.  See Compl. ¶¶43, 52, 55, 76-78, 134-139.

To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity.  Fed. R. Civ. P. 9(b).  The complaint must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.  Schwartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  In Washington, a claim for fraud has the following elements: (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon it, and (9) damages suffered by plaintiff.  Stiley v. Block, 130 Wn. 2d 486, 505 (1996).

Here, plaintiff's claims fail to allege any purported fraudulent conduct with specificity. Accordingly, the Court dismisses plaintiff's fraud claims against defendant without prejudice.

**G.     Defendant's Request for Attorney's Fees.**

Defendant seeks attorney's fees pursuant to the deed of trust.  Paragraph 26 of the deed of trust provides:  "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument."  Dkt. #4, Ex. 2 ¶26.  The lender is defined as MILA, Inc. in the deed of trust.  Defendant is not the original lender.  Dkt. #4, Ex. 2 at 1.  Accordingly, defendant is not entitled to attorney's fees.

**IV.     CONCLUSION**

      For all the foregoing reasons, the Court GRANTS in part defendant's motion to dismiss and DISMISSES WITH PREJUDICE plaintiff's constitutional challenge to the DTA.  The Court DISMISSES WITHOUT PREJUDICE plaintiff's claims for violation of the TILA, violation of the RESPA, and fraud.  The Court DENIES defendant's motion to dismiss plaintiff's claim for violation of the DTA.  Plaintiff may attempt to amend her complaint with respect to claims that the Court has not dismissed with prejudice within thirty days of this Order.

      DATED this 4th day of March, 2011.

                                _Robert S. Lasnik_
                                Robert S. Lasnik
                                United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT'S MOTION TO DISMISS - 9