UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA VALENTINA PAVINO,

          Plaintiff,

      v.

BANK OF AMERICA, N.A., AS
SUCCESSOR BY MERGER TO LASALLE
BANK, N.A. AS TRUSTEE FOR GSAMP
TRUST 2006-HE4,

          Defendant.

No. C10-1943 RSL

ORDER DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND STAYING CASE

     This matter comes before the Court on defendant Bank of America's motion for

summary judgment. Dkt. #42. On March 4, 2011, the Court granted in part and denied in part

defendant's motion to dismiss. Dkt. #26. The Court dismissed plaintiff's claims for violation

of the Truth in Lending Act ("TILA") and violation of the Real Estate Settlement Practices Act

("RESPA") with prejudice, and dismissed plaintiff's fraud claim without prejudice.

Defendant's motion addresses the remaining claim for violation of the Deed of Trust Act

("DTA").

     Summary judgment is appropriate if there is no genuine dispute as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The

moving party bears the initial burden of demonstrating the absence of a genuine issue of

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party

will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier

of fact could find other than for the moving party. Calderone v. United States, 799 F.2d 254,

259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  Celotex Corp., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000).

Defendant makes four arguments: (1) plaintiff's failure to restrain the sale should bar this action; (2) defendant is entitled to summary judgment because it held the specially-indorsed note; (3) Mortgage Electronic Registration Systems, Inc. ("MERS") is a proper beneficiary and had authority to act as nominee for the lender, its successors and assigns; and (4) a proper non-judicial foreclosure occurred.

In the March 4, 2011 Order, the Court stated:

> Objections to the trustee's sale are waived where pre-sale remedies are not pursued.  Plein v. Lackey, 149 Wn. 2d 214, 229 (2003). However, failure to enjoin a foreclosure sale will not waive a claim for damages asserting common law fraud or misrepresentation, violation of Title 19 of the RCW, or failure of the trustee to materially comply with the provisions of the DTA.  RCW 61.24.127(1).

Dkt. #26 at 5.  The Court also noted that plaintiff's only remedy for a claim for violation of the DTA was damages.  Id. at 7 n.6.  Accordingly, the Court rejects defendant's first argument that plaintiff's failure to restrain the sale of her home should prohibit her from seeking damages.

Defendant argues that "the Note was both specially indorsed to Defendant, and had been in Defendant's possession starting in June 2006."  Dkt. #42 at 8.  The only evidence offered by defendants is the promissory note and a declaration of Christopher Spradling.[1]  Dkt. #42 at 18-

---

[1]The Court notes that although plaintiff has filed a response in opposition to summary judgment listing the purported"facts in dispute," she has not provided a declaration or other admissible evidence that would create a genuine issue of material fact with respect to any of the purportedly disputed facts.

ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND STAYING CASE- 2

1    22, 58-59, Exs. 1 and 9.  Mr. Spradling claims to be an employee of Litton Loan Servicing LP,

2    the entity that has serviced plaintiff's loan for Bank of America since June 2006.  Mr.

3    Spradling states:

4            4.      On or about June 1, 2006, Bank of America took possession
             of the original promissory note (the "Note"), dated April 6, 2006,
5            for the loan secured by the property at 2801 South Hanford Street,
             Seattle, Washington 98144 (the "Property"), from the original
6            lender MILA, Inc.  The Note was specially indorsed to Bank of
             America.
7
             5.      The Note has been in Bank of America's control consistently
8            since acquiring possession of it.

9
     Dkt. #42 at 59.  It is unclear to the Court how an employee of the servicing company for
10
     plaintiff's loan could have personal knowledge of whether a separate entity, Bank of America,
11
     took possession of the Note, or whether Bank of America has "control" of the Note.[2]
12
     Accordingly, defendant has not provided admissible evidence that demonstrates that it held the
13
     specially-indorsed Note.
14
             Defendant also argues that MERS is a proper beneficiary and had authority to act as
15
     nominee of lender, its successors and assigns, for purposes of the DTA.  On June 27, 2011, the
16
     Honorable John C. Coughenour certified the following questions to the Washington Supreme
17
     Court:

18           1. Is Mortgage Electronic Registration Systems, Inc., a lawful
             "beneficiary" within the terms of Washington's Deed of Trust Act,
19           Revised Code of Washington section 61.24.005(2), if it never held
             the promissory note secured by the deed of trust?
20

21   _____

22   The Court also notes that defendant has not provided testimony or declaration from counsel, from an
     employee of defendant, or from any other person with personal knowledge providing the foundation
23   and the authenticity of the promissory note that includes the purported indorsement, and other exhibits
     attached to defendant's motion.
24
             [2]The Court notes that "control" is not the proper test under the DTA.  See RCW 61.24.005(2)
25   ("'Beneficiary' means the holder of the instrument or document evidencing the obligations secured by
     the deed of trust excluding persons holding the same as security for a different obligation.").
26
     ORDER DENYING DEFENDANT'S MOTION FOR
     SUMMARY JUDGMENT AND STAYING CASE- 3

2.  If so, what is the legal effect of Mortgage Electronic Registration Systems, Inc., acting as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

3.  Does a homeowner possess a cause of action under Washington's Consumer Protection Act against Mortgage Electronic Registration Systems, Inc., if MERS acts as an unlawful beneficiary under the terms of Washington's Deed of Trust Act?

Case No. C9-149JCC, Dkt. #159 at 3-4.  Judge Coughenour certified these questions because the matter involved "important and far-reaching issues of first impression regarding MERS's ability to serve as the beneficiary and nominee of the lender under Washington's Deed of Trust Act[.]"  Id.  This Court agrees.

For all the foregoing reasons, the Court DENIES defendant's motion for summary judgment with respect to the non-MERS issues and STAYS this action pending the Washington Supreme Court's answers to the questions certified by Judge Coughenour.[3] Defendant is ORDERED to notify the Court within ten days of a decision by the Washington Supreme Court.  Defendant may, but is not required to, provide a supplemental memoranda on the MERS issue, not to exceed 7 pages, within ten days of the Court lifting the STAY in this matter.  Plaintiff may respond to defendant's supplemental memoranda, not to exceed 7 pages, within fifteen days of defendant's filing of a supplemental memoranda.

DATED this 15th day of July, 2011.


*MM S Lasnik*

Robert S. Lasnik
United States District Judge

---

[3]The Court notes that in addition to defendant's summary judgment motion, the following pending motions are stayed:  Plaintiff's motion for relief from deadline to respond to summary judgment (dkt. #47); defendant's motion for protective order (dkt. #50); and plaintiff's motion to amend complaint (dkt. #52, noted for July 15, 2011).

ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND STAYING CASE- 4